CALIFORNIA STATE UNIVERSITY  
OFFICE OF GENERAL COUNSEL  
Christine Helwick (SBN 057274)  
Susan Westover (SBN 151211)  
401 Golden Shore, 4th Floor  
Long Beach, CA  90802-4210  
Tel.:  (562) 951-4500  
Fax:  (562) 951-4956  
swestover@calstate.edu  

Attorneys for Defendant Board of Trustees  
of the California State University  

UNITED STATES DISTRICT COURT  

CENTRAL DISTRICT OF CALIFORNIA  

| | |
|---|---|
| TARIKH DEMEKPE,<br><br>          Plaintiff,<br><br>     vs.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY,<br><br>          Defendant. | Case No.: CV11-1177 DDP (MLG)<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date of Filing:   February 23, 2011<br>Trial Date:          Not Set |

Defendant **Board of Trustees of the California State University** ("CSU"), which is the State of California acting in its higher education capacity, answers the first amended complaint of plaintiff Tarikh Demekpe as follows:

1.     In response to paragraph 1 of the first amended complaint, CSU denies that the court has jurisdiction over this particular dispute under 28 U.S.C. § 1331 or 42 U.S.C. § 1983.  CSU further alleges that the complaint does not state any facts giving rise to federal question jurisdiction.

2.     In response to paragraph 2 of the first amended complaint, CSU admits that venue is proper in this court, assuming any valid jurisdiction (which CSU contests).

3.     In response to paragraph 3 of the first amended complaint, CSU admits that plaintiff Tarikh Demekpe lives at the address stated therein.

-1-

4. In response to paragraph 4 of the first amended complaint, CSU admits that the headquarters address for the Board of Trustees of the California State University is 401 Golden Shore, Long Beach, CA 90802.

5. In response to paragraph 5 of the first amended complaint, CSU admits that plaintiff was a student at CSUDH from Fall 2006 through Summer 2010; that plaintiff was required to repeat HUS 460 in the Summer 2010 because he received a "D" grade in the Spring 2010 semester; that Jorge Escamilla was the instructor of that course in the Spring and Summer sessions; and that plaintiff filed a grade appeal of his grade from the Summer session. Except as expressly admitted above, CSU denies all remaining allegations in this paragraph.

6. In response to paragraph 6 of the first amended complaint, CSU denies all of the allegations contained therein.

7. In response to paragraph 7 of the first amended complaint, CSU denies all of the allegations contained therein.

8. In response to paragraph 7 [sic] of the first amended complaint, CSU incorporates its responses to paragraphs 5 through 7 as though fully set forth herein.

9. In response to paragraph 8 of the first amended complaint, CSU denies all of the allegations contained therein.

10. In response to the prayer for relief (paragraphs 9-10 of the first amended complaint), CSU denies that plaintiff is entitled to any relief whatsoever, in any form. CSU denies all of the allegations in that prayer for relief.

## AFFIRMATIVE DEFENSES

11. *Failure to state a claim*: The first amended complaint fails to state any viable claim for relief. Grade appeals involved academic decisions that are best left to educational institutions, not the courts. The allegations of the first amended complaint seek to challenge the University's conferral of a grade of D+ to the plaintiff in a particular course, and those allegations fail to state a claim upon which relief can be granted.

12. *11th Amendment Immunity*: The Board of Trustees of the California State University is the State of California acting in its higher education capacity, and as such, it enjoys Eleventh Amendment immunity against this suit for monetary damages.

13. *Immunity of California Government Claims Act*: CSU is a public entity. Plaintiff has not complied with the claims filing requirements of the Government Claims Act, and as such, any claims for monetary damages under state law are barred.

14. *Failure to Exhaust Administrative and Judicial Remedies*: The first amended complaint is barred by plaintiff's failure to exhaust his administrative remedies under the University's grade appeal process and his failure to exhaust his judicial remedies by seeking a writ of mandate in state court. That failure to exhaust remedies also acts as res judicata and/or collateral estoppel in this case.

## PRAYER FOR RELIEF

Defendant CSU prays for the following relief:

A. That plaintiff take nothing by reason of his first amended complaint, and that judgment be entered in favor of defendant CSU;

B. That defendant CSU be awarded its attorney fees and costs of suit incurred in defending this action; and

C. For such other relief as the Court deems proper.

Dated: March 21, 2011

CALIFORNIA STATE UNIVERSITY
OFFICE OF GENERAL COUNSEL

_____
Susan Westover
Attorney for Defendant Board of Trustees of the California State University

# PROOF OF SERVICE
## Demekpe v. Board of Trustees of the California State University
U.S. District Court Case No.: CV11-1177 DDP (MLG)
OGC No.: 11-0186

I, Susan Westover, declare as follows:

I am employed in the County of Los Angeles, State of California. I am at least 18 years old, and not a party to this action. I am an employee of California State University, Office of General Counsel, whose business address is 401 Golden Shore, 4th Floor, Long Beach, CA 90802-4210.

On **March 21, 2011**, I served the document described as **DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

| | |
|---|---|
| Tarikh Demekpe | Plaintiff In Pro Per |
| 688 Caliburn Drive, #24 | |
| Los Angeles, California 90001 | Tel: (323) 572-1774 |

☒   *BY PERSONAL SERVICE:* I delivered the document by hand to each addressee above.

Signed on March 21, 2011, at Long Beach, California. I declare under penalty of perjury under the laws of the State of California that this declaration is true and correct.

Susan Westover

-1-
**PROOF OF SERVICE**